# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ROBERT LINDSEY, ON BEHALF OF
HIMSELF AND ALL OTHERS
SIMILARLY SITUATED,**

               **Plaintiffs,**

**-vs-**                                           **Case No.  6:11-cv-769-Orl-28DAB**

**MASSEY SERVICES, INC.,**

               **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration with oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **JOINT STIPULATION OF DISMISSAL WITH PREJUDICE AND APPROVAL OF SETTLEMENT AGREEMENT (Doc. No. 22)** |
| **FILED:** | **October 24, 2011** |
| | |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. | |

      The matter has been referred by the District Judge to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated

judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* Counsel appeared by phone at a settlement fairness hearing on November 4, 2011.

Based on the Plaintiff's responses to the Court's Interrogatories (Doc. 15-1), Plaintiff was employed by Defendant as a lawn/irrigation technician from June 2009 to November 2010. Plaintiff sought $39,532.65 for 30 hours per week of overtime, plus an equal amount in liquidated damages. Doc. No. 15-1. Although the settlement to Plaintiff of $5,500 in unpaid wages and liquidated damages[1] represents approximately 15% of the full principal amount Plaintiff sought. Plaintiff's counsel explained that the amount of Plaintiff's claim was reviewed and reduced once he received the documents from the Defendants based on those records. Plaintiff has filed an affidavit stating that he agrees his settlement proceeds as set forth in the settlement agreement are fair and reasonable. Doc. 24-3.

The parties also point out the complexity of the two issues involved in this case – exempt status and willfulness – were substantial in this case and would have greatly increased the costs and duration of this litigation. Doc. 22. Plaintiff concedes that the probability of his success was far from

---

[1]The settlement includes $10.00 for execution of a general release as well. Doc. 22-1.

certain. Doc. 22. Given the particular facts of this case, the Plaintiff could have been found exempt under the FLSA, in which case the Plaintiff would recover nothing; even if the Plaintiff was found to be non-exempt, a jury could easily have found the violation to be non-willful, in which event no liquidated damages would be awarded and the Plaintiff would take less than what is being offered in the compromise. So the compromise represents a fair apportionment of the substantial risk that Plaintiff could recover nothing or recover less than what is being offered. Doc. 22.

The parties have agreed that Defendant will pay Plaintiff's attorneys $3,500 in attorney's fees and costs. Doc. 24-1. Plaintiff's counsel, Mr. Bechert, states that he has been practicing 14 years and has applied an hourly rate of $300 for the 15.7 hours incurred[2] for a total fee accrued of $4,710 plus costs of $425. Doc. 24-1. Mr. Bechert, in an effort to help resolve the case, has reduced his fees and costs to $3,500. Doc. 24-1. The amount of time devoted and the hourly rates are not unreasonable under the circumstances of this case.

Settlement in the amount of **$5,510** to Plaintiff for unpaid wages and liquidated damages, and **$3,500** for attorney's fees and costs is a fair and reasonable settlement. It is **RECOMMENDED** that the settlement be accepted by the District Court as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 9, 2011.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

---

[2]Time sheets were provided. Doc. 24-1.

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy